# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0318-24

J.V.,[1]

    Plaintiff-Respondent,

v.

D.V.,

    Defendant-Appellant.

_____

Argued December 11, 2025 – Decided February 26, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FV-14-0703-24.

Robert D. Correale argued the cause for appellant (Brady & Correale LLP, attorneys; Robert D. Correale, on the briefs).

Eva M. Uhrik argued the cause for respondent (Edens Law Group, LLC, attorneys; Eva M. Uhrik, on the brief).

---

[1]  We use initials to protect domestic violence victims and witnesses. R. 1:38-3(c)(12).

PER CURIAM

Defendant D.V. appeals from the August 30, 2024 order, which denied his motion for reconsideration and affirmed the reinstatement of the amended final restraining order (FRO) in favor of plaintiff J.V. pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. On appeal, defendant contends: the interlocutory orders are a proper subject for review; both the temporary restraining order (TRO) and the amended temporary restraining order (ATRO) were improperly served; the Family Part judge erred by conducting an FRO hearing after entry of default; the April 24, 2024 order precluding him from cross-examining plaintiff at a FRO hearing violated his constitutional rights; the doctrine of manifest injustice supersedes any claim defendant acquiesced in the court's errors; the July 10, 2024 order granting plaintiff's motion for reconsideration was an abuse of discretion; the August 30, 2024 order denying defendant's motion for reconsideration was an abuse of discretion; and this matter should be remanded for a new FRO hearing. Having reviewed the record and the applicable law, we affirm.

As the core issue before us concerns substituted service on defendant of the TRO and ATRO, we limit our review to the salient facts relevant to that issue. Plaintiff and defendant married in 2015 and have one minor child

2

together. On January 8, 2024, plaintiff obtained a TRO against defendant alleging assault, N.J.S.A. 2C:12-1(a)(1), and harassment, N.J.S.A. 2C:33-4. The complaint stemmed from then-current and prior incidents of physical and verbal abuse, intimidation, and coerced sexual acts. The parties' minor child was present during two of the physical incidents.

The TRO scheduled the final hearing for January 16, 2024. On that date, plaintiff appeared with counsel, while defendant failed to appear. The judge engaged in a colloquy with the court staff regarding service. The judge was informed police officers visited defendant's home six times, but defendant refused to come to the door or outside. As it appeared defendant was actively evading service, the judge, in an oral ruling, authorized substituted service by directing police officers to affix a copy of the TRO and ATRO to defendant's door, or alternatively, slide them under the door. However, a conforming order was not immediately entered.

That same day, plaintiff amended the TRO to include additional incidents, which occurred on January 8, as well as other prior acts of violence. The ATRO was granted on January 16, 2024. The matter was scheduled for a final hearing on January 30, 2024.

A-0318-24

In the late afternoon of January 26, 2024, police officers affixed the documents in a clear plastic sheet protector to defendant's front door. The body-worn camera video footage shows the kitchen was illuminated and defendant's vehicle was parked in the driveway.

A different judge presided over the scheduled hearing on January 30, 2024. The judge noted defendant failed to appear or contact the court; default was entered. Plaintiff appeared with counsel and recounted the incidents alleged in the TRO and ATRO.

After hearing plaintiff's testimony, the judge issued an oral opinion. He found plaintiff credible and determined she had proven the predicate acts of harassment and assault by a preponderance of the evidence. He also found a restraining order was necessary based on the prior acts of violence. The judge entered an FRO, finding plaintiff satisfied both prongs of Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). The body worn camera footage shows on February 9, 2024, defendant was personally served with the FRO at his home.

Defendant subsequently retained counsel and, on February 26, 2024, moved to vacate the FRO on the grounds of lack of service, lack of notice, and violation of due process. Plaintiff opposed the motion. The same judge who

4

presided over the FRO hearing also presided over the motion hearing. In the April 24, 2024 order, the judge vacated the FRO and conditionally reinstated the ATRO. The order also provided at any upcoming FRO hearing, "[p]laintiff shall not be required to re-testify or to appear as she ha[d] already provided testimony to the [c]ourt on January 30, 2024."

That same day, the initial judge entered a separate order memorializing his prior authorization for substituted service. The court deemed defendant was properly served, provided service of the ATRO was effected prior to the January 30, 2024 hearing date; and further found defendant had "sufficient notice" of both the complaint and FRO scheduled for January 30, 2024. The judge determined the substituted service of process and notice of hearing "not [to] be in violation of due process of law, nor of the [r]ules of [court] . . . under the totality of the circumstances" because the methods of service were "'reasonably calculated . . . to apprise [d]efendant[] of the [FRO] and afford[ed] [d]efendant[] an opportunity to present [his] objection.' O'Connor v. Altus, 67 N.J. 106, 126 (1975) (quoting Mullane v. Cent. Hanover Bank & Tr[.] Co., 339 U.S. 306, 314 (1950))."

Plaintiff moved for reconsideration of the April 24, 2024 order. Defendant opposed the motion and cross-moved on issues not germane to this

appeal. On July 10, 2024, following the hearing at which both parties appeared with counsel, the second judge granted plaintiff's motion for reconsideration, reinstated and upheld the FRO, and ordered plaintiff to return the counsel fees previously awarded.

Defendant then moved to reconsider the July 10, 2024 order, which plaintiff opposed. Following the hearing on August 30, 2024, the second judge denied defendant's motion for reconsideration, affirmed the reinstatement of the FRO, held all interlocutory matters moot, and denied further relief.

Our scope of review of Family Part orders is limited. Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019). "We accord substantial deference to Family Part judges, who routinely hear domestic violence cases and are 'specially trained to detect the difference between domestic violence and more ordinary differences that arise between couples.'" C.C. v. J.A.H., 463 N.J. Super. 419, 428 (App. Div. 2020) (quoting J.D. v. M.D.F., 207 N.J. 458, 482 (2011)). Consequently, findings by a judge "are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). However, legal conclusions and the interpretation of statutes or the application of legal standards are reviewed de novo. Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

A-0318-24

Defendant presents multiple arguments on appeal; however, we consider only the dispositive issue concerning substituted service under the PDVA. Having reviewed the record, we conclude substituted service was properly made on defendant.

We have long recognized "[d]ue process is a fundamental right accorded to both parties under the PDVA." T.M.S. v. W.C.P. 450 N.J. Super 499, 505 (App. Div. 2017). This principle is particularly significant where a defendant faces the possibility of the entry of an FRO. See A.A.R. v. J.R.C., 471 N.J. Super. 584, 586 (App. Div. 2022). Thus, service of process is "[a]n elementary and fundamental requirement of due process." O'Connor, 67 N.J. at 126 (quoting Mullane, 339 U.S. at 314).

The PDVA generally requires personal service of a TRO upon a defendant by police officers. N.J.S.A. 2C:25-28(l). However, it also recognizes situations where a defendant attempts to avoid personal service. Under N.J.S.A. 2C:25-28(l), the court may authorize substituted service if personal service cannot be effected under Rule 4:4-4. If none of these methods work, Rule 4:4-4(b)(3) allows the court to order an alternative method consistent with due process. See Pressler & Verniero, Current N.J. Court Rules, cmt. 3.3.1 on R. 4:4-4 (2026).

7

We reject defendant's challenge to the substituted service of both the TRO and ATRO. Defendant relies solely on N.J.S.A. 2C:25-28(l)[2] and misapprehends <u>Rule</u> 4:4-4(b)(3). We likewise reject defendant's challenge to both the second judge's motion hearing oral ruling on April 5, 2024, and the initial judge's April 24, 2024 order, finding defendant was properly served.

Defendant's claims are contradicted by the record, which shows personal service was pursued diligently and documented in detail. Body-worn camera video footage shows police made multiple attempts to serve the initial TRO on defendant's home on January 8, 9, 10, and 11, 2024, at various times. Each time, officers observed signs defendant was home—including lights, a running television, and his vehicle in the driveway. Yet, defendant consistently refused to answer the door or accept service.

Body-worn camera video footage confirms defendant was home on the evening of January 26, 2024. After officers rang the doorbell, defendant ran inside and did not respond. Following the court's ruling permitting substituted service, officers affixed the documents—enclosed in a plastic sheet protector— to the front door.

---

[2] Defendant incorrectly identifies the statute as "N.J.S.A. 2C:75-28(l)" in his merits brief.

A-0318-24

Guided by these principles, service of the TRO and ATRO orders upon defendant comported with both the PDVA, the New Jersey Domestic Violence Procedures Manual 2022[3] regarding substituted service, and the court rules. The record shows defendant actively evaded service. As a result, the judge properly authorized substituted service by attaching the TRO and ATRO to the front door, a permissible method outside those listed in Rule 4:4-4(a)(1) to (9). After consideration of the record, we conclude the judge properly exercised its discretion in authorizing substituted service on January 16, 2024, and April 24, 2024, consistent with due process.

Defendant's argument concerning lack of notice of the FRO is unavailing. The record also shows defendant was apprised of the scheduled January 30, 2024 FRO hearing date. He received the TRO and ATRO by email, sent to the email address he used every day. See K.A. v. J.L., 450 N.J. Super. 247, 252-53 (Ch. Div. 2016) (permitting by court order service of process via Facebook where attempts to serve defendant by mail proved unsuccessful because mail was not deliverable to only address known to plaintiff).

---

[3] The New Jersey Domestic Violence Procedures Manual 2022 operates as the policy and procedure reference guide for the courts and law enforcement. N.J. Cts., New Jersey Domestic Violence Procedures Manual § IV (2022), https://www.njcourts.gov/sites/default/files/courts/family/dvprcman.pdf.

A-0318-24

We also note in his certification, defendant acknowledged:

> On January 26, 2024, [he] receive[d] a telephone message from a person [he] believe[d] to be [the judge's] law clerk in which [he] was told to appear in court the next day for a [d]omestic [v]iolence [h]earing . . . , [or] it could have been January 28th or sometime late at night on January 29th.

Instead of appearing in court to contest service, he chose not to attend. Any due process argument is not supported by the facts present here as defendant had actual notice of the scheduled FRO hearing date and an opportunity to be heard.

To the extent we have not addressed any of defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0318-24